## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

| | |
|---|---|
| **ANN SAMPSON-GRIMES** | ) CASE NO. 25-CV-00329 |
| | ) |
| **Plaintiff** | ) |
| | ) **JUDGE VAN TATENHOVE** |
| **v.** | ) |
| | ) **PLAINTIFF'S MOTION** |
| **FAYETTE COUNTY PUBLIC SCHOOL** | ) **TO REMAND** |
| **DISTRICT, et al.** | ) |
| | ) |
| **Defendants** | ) |

Comes now the Plaintiff, Ann Sampson-Grimes, pursuant to 28 U.S.C. § 1447, and all other applicable law, and for her Motion to Remand this case back to the Fayette Circuit Court, states as follows:

### INTRODUCTION

Plaintiff, Ann Sampson-Grimes (the "Plaintiff") respectfully moves this Court to remand this case to the Fayette Circuit Court pursuant to 28 U.S.C. § 1447(c) because this Court now lacks subject matter jurisdiction over the case. The issues presented in Plaintiff's Complaint arise exclusively under state law and are therefore inappropriate for adjudication in federal court. On September 18, 2025, Plaintiff voluntarily dismissed her Title IX (20 USCS §1681) claim. As such, this Court must remand the case to state court.

### LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and any doubts as to the propriety of removal must be resolved in favor of remand. See *Costanzo v. Glen Oaks Cmty. Coll.*, No. 1:13-cv-9, 2013 U.S. Dist. LEXIS 7043 (W.D. Mich. Jan. 17, 2013). A case arises under federal law only if the plaintiff's statement of its cause of action shows that it is based upon federal law. *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

1

Additionally, removal statutes are strictly construed against removal. The party asserting federal jurisdiction bears the burden of proof. See *Fed. Home Loan Mortg. Corp. v. Dunn,* No. 3:14-CV-286-PLR-CCS, 2015 U.S. Dist. LEXIS 41159 (E.D. Tenn. Mar. 31, 2015). This Court lacks jurisdiction unless the face of the Complaint establishes a substantial federal question under 28 U.S.C. § 1331.

## ARGUMENT

### I.    Plaintiff's Complaint Contains No Federal Claim

As of September 18, 2025, Plaintiff has voluntarily dismissed her claim under Title IX (20 USCS §1681) (Notice of Voluntary Dismissal, Doc #:2, PAGEID#: 1). Thus, the only remaining claims in Plaintiff's Complaint arise under state law. Count I of Plaintiff's Complaint alleges a violation of Kentucky's whistleblower statute, enumerated under KRS §61.102(1). Count II of Plaintiff's Complaint further alleges a violation of Kentucky discrimination laws, brought pursuant to KRS §344.040. Finally, Count IV of Plaintiff's Complaint alleges a violation of Plaintiff's due process rights, brought solely under Commonwealth law. Thus, none of Plaintiff's remaining claims fall under federal law, and this case must be remanded to state court.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Remand and return this case to the Fayette Circuit Court.

Respectfully submitted,

*/s/ Brandon N. Voelker*
Brandon N. Voelker (KBA #88076)
GATLIN VOELKER, PLLC
50 E. Rivercenter Blvd., Ste 1275
Covington, Kentucky 41011
P: (859) 781-9100

bvoelker@gatlinvoelker.com
*Counsel for Plaintiff,*
*Ann Sampson-Grimes*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September 18, 2025, I served the foregoing via CM/ECF, which will send all parties of record a notice of electronic filing, and/or via electronic mail or U.S. mail upon the following:

Derrick T. Wright
Joshua M. Salsburey
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507
jsalsburey@sturgillturner.com
dwright@sturgillturner.com
*Attorneys for Defendants*
*Fayette County Public School District*
*and Fayette County Public School Board*

Courtney R. Samford
Donald C. Morgan
Dinsmore & Shohl LLP
City Center
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Courtney.Samford@Dinsmore.com
Donald.Morgan@Dinsmore.com
*Attorneys for Defendant Liggins*

<u>*/s/ Brandon N. Voelker*</u>
Brandon N. Voelker  (KBA #88076)